NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEI KIAUW OEN, | No.   15-72461 |
| Petitioner, | Agency No. A088-321-732 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:     FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Mei Kiauw Oen, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Oen's contention that economic losses related to threats made against her business constitute past persecution, because she did not raise that contention in the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's finding that Oen did not establish that the incidents she experienced in Indonesia rose to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("Because persecution is an extreme concept, it does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted). Further, substantial evidence supports the BIA's conclusion that even under a disfavored-group analysis, Oen did not show sufficient individualized risk to establish a well-founded fear of future persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1064-65 (9th Cir. 2009) ("*[S]ome* evidence of individualized risk is necessary for the petitioner to succeed."); *see also Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (denying a petition for review where the petitioner "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians" and

15-72461

had family living in Indonesia without being targeted).  Thus, Oen's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Oen failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Indonesia.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

15-72461